UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHARLES H. MCELYEA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:10-cv-00655 |
| LARRY WALLACE, et al., | ) ) | Judge Campbell |
| Defendants. | ) ) | |

**O R D E R**

The plaintiff, proceeding *pro se*, is a resident of Dickson, Tennessee. He brings this action under 42 U.S.C. § 1983 against Circuit Court Judge Larry Wallace and attorney Eric Thorton. (Docket No. 1). The plaintiff sought to proceed as a pauper. (Docket No. 2).

By order entered on July 29, 2010, the court denied the plaintiff's application to proceed *in forma pauperis.* (Docket No. 3). The court instructed the plaintiff to submit the $350.00 filing fee within fourteen (14) days of the date of the entry of the court's order. The court specifically advised the plaintiff that failure to remit the full $350.00 filing fee would result in this action being dismissed for want of prosecution. (*Id*.)

More than fourteen (14) days have passed since the entry of the court's order. The plaintiff has not submitted the civil filing fee. The docket sheet reflects that the Clerk's Office mailed a copy of the court's order to the plaintiff on July 30, 2010, at the mailing address provided by the plaintiff to the court. (Docket No. 4). The docket sheet further reflects that the court's mailing to the plaintiff was returned as undeliverable, having been stamped: "Return to Sender. Unclaimed. Unable to Forward." (Docket No. 5).

*Pro se* litigants have the same duty as counsel to notify the court of an address change. *Gibbons v. Asset Acceptance Corp.*, No. 1:05CV467, 2006 WL 3452521, at *1 (S.D. Ohio Nov. 29, 2006)(citing Carey, 856 F.2d 1439, 1441)). The plaintiff has not filed a notice of change of address with the court, nor has the plaintiff filed any new pleadings with the court.

It is the plaintiff's responsibility to keep the court apprised of his current mailing address so that the court is able to communicate with the plaintiff when necessary. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988)("It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not."); *Gibbons*, 2006 WL 3452521, at *1 (quoting *Cardona v. Forster,* No. 95-cv-1939, 1997 WL 599348, at *1 (N.D.N.Y. Sept. 22, 1997))("Every plaintiff in federal court has a responsibility to prosecute his action diligently, and inform the Court of any address changes."). An action is subject to dismissal for want of prosecution where the *pro se* litigant fails to comply with the court's orders or engages in a clear pattern of delay. *Gibbons*, 2006 WL 3452521, at *1; *see also Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996). District courts have the inherent power to *sua sponte* dismiss an action for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad,* 370 U.S. 626, 630-31 (1962).

Accordingly, this action is hereby **DISMISSED** for failure to comply with the order of the court and for want of prosecution. Fed. R. Civ. P. 41(b).

It is so **ORDERED**.

/s/ Todd Campbell
Todd J. Campbell
United States District Judge

2